IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUSTIN RONALD HENSLEY                                                                                    PLAINTIFF

v.                                            Civil No. 6:19-CV-06101

C. ANDERSON (Administration Review                                                                  DEFENDANTS
Officer); NURSE TRACEY POOLE; ADV.
PRACTICE NURSE DENIECE LNU; MS.
OWENS (Records Supervisor); MS. POOL
(Medical Department); MAJOR RUH (Chief
of Security)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on August 22, 2019. (ECF No. 1). He then filed an Amended Complaint on September 9, 2019. (ECF No. 9). On September 11, 2019, the Court entered an Order directing Plaintiff to file an Amended Complaint to remedy deficiencies in Plaintiff's First Amended Complaint. (ECF No. 11). Plaintiff did so on September 20, 2019. (ECF No. 12).

Plaintiff's Complaint centers on the fact that he has epilepsy but was not assigned a lower rack "script" upon intake into the Arkansas Community Correction ("ACC") Omega Supervision Sanction Unit. He alleges it was noted "in the computer" that he has epilepsy and takes seizure medication. He further alleges he has always been given a lower bunk assignment when he was in the facility in the past. (*Id*. at 5). He alleges he was forced to sleep on a top rack from July 3rd to July 17th of 2019. (*Id*. at 4, 8-10). He alleges that the failure to give him a script for this time period constitutes a denial of medical care and the use of excessive force against him. (*Id*. at 1-6). He further alleges that his grievances on this matter were rejected and proper grievance procedure was not followed. (*Id*. at 6). Plaintiff brings all claims against all Defendants. Plaintiff alleges he was placed in physical danger and suffered mental anguish during the time he slept on the top rack. (*Id*. at 5-7). Plaintiff does not allege he suffered any physical harm from sleeping on the top rack.

Plaintiff proceeds against all Defendant in both their official and personal capacities. (*Id*. at 4-6). He seeks compensatory and punitive damages. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537,

541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Sovereign Immunity

Defendants are all identified as employees of the ACC, which is a state agency. An official capacity claim against an ACC employee is essentially a claim against the State of Arkansas. "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986)). "This bar exists whether the relief sought is legal or equitable." *Id.* (quoting *Papasan*, 478 U.S. at 276). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342(1979)). The State of Arkansas and its agencies have not consented to suit in federal court.

#### B.  Rejection of Grievances and Failure to Follow Grievance Policy

Plaintiff fails to state a plausible claim concerning the rejection of his grievances or the alleged failure to follow proper policy in doing so. "Inmates do not have a constitutionally protected right to a grievance procedure. Because a . . . grievance procedure does not confer any substantive right upon prison inmates, a prison official's failure to comply with the . . . grievance procedure is not actionable under § 1983." *Ashann–Ra v. Commonwealth of Virginia,* 112 F.Supp.2d 559, 569 (W.D. Va. 2000) (citations omitted); *see also Lombolt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (denial of grievances does not state a substantive constitutional claim); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) ("no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [Plaintiff] submitted for consideration");

*Adams v. Rice,* 40 F.3d 72, 74 (4th Cir. 1994) (inmates have no constitutional right to grievance procedure); *Blagman v. White,* 112 F. Supp.2d 534 (E.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure), *aff'd,* 3 F. App'x 23 (4th Cir. 2001).

### C. Denial of Medical Care

Plaintiff fails to allege a plausible denial of medical care claim against Defendants. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id*.

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* (internal citations omitted). Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990). The objective seriousness of any delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005).

Here, Plaintiff provided only conclusory statements that he was denied medical care because he was not given a bottom bunk assignment for his epilepsy. Plaintiff stated that he takes seizure medication, but provided no facts as to whether his seizures were controlled with the medication or whether he suffered any injuries due to the alleged denial of care. Nor has he alleged he suffered any detrimental effects to his disease prognosis due to the lack of lower bunk assignment. Finally, based on the documentation provided by Plaintiff, he received a bottom bunk assignment after he brought the issue to the attention of ACC medical staff. (ECF No. 12 at 10). That he did not receive the bottom bunk assignment immediately upon arrival in the Omega Unit does not rise to the level of a constitutional violation. *See Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009) (The "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish.").

### D. Excessive Force

Plaintiff fails to allege any facts to support a plausible excessive force claim. "Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the 'core judicial inquiry' is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000) (citing *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)). "Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008). Relevant factors to be considered for this inquiry include: "the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, ... any efforts made to temper the severity of a forceful response," and the extent of injury to the inmate. *Hudson*, 503 U.S. at 7 (internal quotations omitted).

"Not every malevolent touch by a prison guard gives rise to a federal cause of action." *Jones*, 207 F.3d at 495. Even with malicious motivation, "not every push or shove violates the Constitution, but any use of force greater than *de minimis*, or any use of force that is 'repugnant to the conscience of mankind,' does." *Irving*, 519 F.3d at 446 (citing *Hudson*, 503 U.S. at 9-10). While significant injury is not required, "some actual injury must be shown" and the extent of inflicted pain considered. *Jones*, 207 F.3d at 495. "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). "[U]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain ... the case should not go to the jury." *Johnson v. Bi-State J. Ctr./Ark. Dep't. of Corr.*, 12 F.3d 133, 136 (8th Cir. 1993).

To the extent that a bunk assignment may be construed as an act of excessive force, Plaintiff fails to state a plausible claim. Plaintiff provided no allegation that he suffered any actual physical injury from the lack of a lower bunk assignment. Further, as discussed above, he received a bottom bunk assignment after he brought the issue to the attention of ACC medical staff. (ECF No. 12 at 10). Nothing in these allegations suggests that any act of force was applied in a malicious or sadistic manner against Plaintiff.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE. It is further recommended that the dismissal of this case constitute a strike pursuant to 28 U.S.C. 28 U.S.C. § 1915(g) and the Clerk be DIRECTED to place a § 1915 strike flag on the case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of December 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE